# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
|     Prosecution, ) | | |
| ) | | |
| v. ) | DOCKET NO. 1:16-CR-0212-003 | |
| ) | | |
| ) | THE HON. CHRISTOPHER CONNER | |
| TOREY WHITE, ) | | |
| DEVIN DICKERSON, ) | | |
|     Defendants. ) | ELECTRONICALLY FILED | |

## BRIEF IN SUPPORT OF MOTION TO COMPEL IMMEDIATE
## PRODUCTION OF EXCULPATORY STATEMENTS

COME NOW Defendants Torey White and Devin Dickerson, by counsel, and offer the following Brief in Support of their Motion to Compel Immediate Production of Exculpatory Evidence (Doc. 1005).

The instant Motion to Compel seeks the immediate production of evidence that is in the possession of the Government and is exculpatory as to Defendants White and/or Dickerson, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). More than nine months ago, on January 7, 2021, this Court entered an Order requiring the Government to produce all *Brady* material in its actual or constructive possession "immediately." Doc. 767. The Court further ordered that any subsequently discovered *Brady* material be produced to the defense within 14 days of its discovery. *Id*. Finally, the Court ordered that if the Government had any doubt as to the exculpatory nature of material in its possession, "it shall promptly submit the material to the court for *in camera* review." *Id*. In the nine months that have passed since the Court's *Brady* Order, the prosecution has made no *Brady* disclosures. Nor, as far as the defense is aware, has the prosecution submitted any items of potentially exculpatory evidence to the Court for *in camera* review.

The Government is in possession of significant, material undisclosed exculpatory evidence with respect to Defendants White and Dickerson. Specifically, the Government has taken statements, including proffer statements, from Codefendants who have entered guilty pleas and other witnesses who have admitted various roles in these offenses. In these statements, Codefendants and witnesses have given detailed descriptions of these offenses that *do not* implicate Defendants White or Dickerson. In fact, many of these Codefendants and witnesses have specifically informed the Government that they do not even know Defendants White and/or Dickerson and have never met or communicated with them, despite being charged with conspiring together to commit several murders.

For example, Codefendant Kenyatta Corbett has pleaded guilty and given several detailed statements to law enforcement about his role in this offense. Corbett's first statement was made on July 20, 2018, during a post-arrest interview. In that statement, Corbett admitted supplying heroin to another Codefendant, Jerrell Adgebesan, and bringing Adgebesan to Hagerstown from Baltimore for the purpose of selling heroin and cocaine. Corbett informed the police that he and another Codefendant, Michael Buck, had traveled to and reconnoitered Phillip Jackson's property together on the morning of June 25, 2016, the date of the homicides. Buck told Corbett that the owner of the property had a lot of money and drugs. Based on this information, Corbett and Adgebesan met in Baltimore and Adgebesan recruited a group of men to travel to Hagerstown to carry out a robbery at the Jackson property. Corbett informed investigators that the group met at Buck's house in Hagerstown and that Buck provided them intelligence about the target of the robbery. Ultimately, the group traveled to the Jackson property in a caravan. Corbett stated that he sat in a car outside the property with a woman named Angela Barney until he heard multiple gunshots, then he left. Corbett repeatedly denied that there was a plan to

"assassinate" a witness or carry out a "hit." He consistently described the incident as a robbery gone wrong.[1] Notably, Corbett never gave any indication that Torey White or Devin Dickerson had any role in these offenses. In fact, he gave no indication that he had ever heard of or communicated with Defendants White and/or Dickerson. Instead, Corbett gave a complete accounting of the crime and did not suggest the involvement of any additional participant.[2]

Corbett's statements are highly exculpatory to Defendants White and Dickerson. Indeed, Corbett's account is so exculpatory that it is unlikely that the prosecution would choose to call Corbett as a witness in this trial, and Corbett's plea agreement does not appear to contemplate cooperation with the prosecution. Nevertheless, Defendants White and Dickerson are clearly entitled to the detailed confession of a Codefendant who repeatedly describes the events leading up to these homicides and does not include either of them in his account.[3]

This exculpatory evidence must be provided to the defense "in time for its effective use at trial." *United States v. Starusko*, 729 F.2d 256, 262 (3d Cir. 1984) (quoting *United States v.*

---

[1] The foregoing information regarding Corbett's post-arrest statement is taken from a DEA6 Report that was included in the original discovery production. Because the discovery is governed by a protective order, it has not been appended to this Brief. However, counsel can submit the Report to the Court upon request under seal.

[2] On February 9, 2021, on the basis of these statements, Corbett pleaded guilty to a single count of the indictment, alleging a conspiracy to commit Hobbs Act robbery, and a one-count information, charging use of a firearm in the commission of Hobbs Act robbery. He did not plead guilty to any counts alleging intent to murder a witness.

[3] It is worth noting that the undisclosed evidence in *Brady* itself was the confession of a codefendant who stated that Brady was his accomplice but admitted that he did the actual killing. *Brady*, 383 U.S. at 88. Even so, the *Brady* Court held that the evidence was exculpatory and its suppression violated due process because it was prejudicial as to Brady's sentence. *Id.* at 87. In this case, the withheld evidence involves confessions *that do not implicate Defendants White or Dickerson at all*. Obviously, then, these confessions are far more exculpatory than the suppressed statement in *Brady*, and the failure to disclose them would be prejudicial both to Defendants White's and Dickerson's trials as well as sentencings.

*Higgs*, 713 F.2d 39, 44 (1983)). In this case, even if Corbett's statements themselves are not admissible, Corbett's statements could clearly lead to the discovery of admissible evidence. *Johnson v. Folino*, 705 F.3d 117, 129 (3d Cir. 2013) ("we believe, as do the majority of our sister courts of appeals, that inadmissible evidence may be material if it could lead to the discovery of admissible evidence"); *see also Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, 310 (3d Cir. 2016) ("under *Brady*, the focus of the inquiry is on whether the information had 'been disclosed to the defense,' not whether it was admissible at trial. An admissibility requirement improperly shifts that focus.").

This Court entered its *Brady* Order on January 7, 2021. Corbett entered his guilty plea on February 9, 2021. Presumably, all proffers were conducted prior to the entry of Corbett's guilty plea. Thus, under the terms of the Court's *Brady* Order, the prosecution should have disclosed these exculpatory statements "immediately" or, at most, 14 days after they "discovered" this evidence or its exculpatory value. However, the prosecution has not produced any of these statements or submitted them for *in camera* review. With only three months remaining before the January 10, 2022, trial date, in order to protect Defendants White's and Dickerson's rights to access this exculpatory evidence in time for its effective use a trial, the Court should order the prosecution to produce Corbett's statements immediately.

The same is true for any other Codefendants or witnesses who have given statements to the investigators or prosecutors in which they describe a role in this offense or knowledge of the charged offenses but either (a) state that they do not know Torey White or Devin Dickerson, (b) state that Torey White and/or Devin Dickerson were not involved in the charged offenses, or (c) give an account of the charged offenses, including any meeting used to discuss or plan the offenses, that does not include Torey White and/or Devin Dickerson. Upon information and

belief, at least four Codefendants (Corbett, Buck, Christopher Johnson, and Johnnie Jenkins-Armstrong) have pleaded guilty and provided proffers in which they stated that they do not know Defendant White and/or Defendant Dickerson, or at minimum gave no indication that they knew or communicated with Defendants White and/or Dickerson. Other similarly situated witnesses may include, but are not limited to: Mark Johnson, Deandre Coleman, and Angela Barney. Additionally, a witness named Zack Bowie apparently stayed overnight at the Jackson property on the evening of June 24–25, 2016, and recalled seeing Buck and Corbett arrive in the morning to conduct their reconnaissance. Bowie's statement is certainly exculpatory to the extent that it corroborates Corbett's confession.

These and any other exculpatory accounts of the offense must be disclosed promptly in order to enable Defendants White and Dickerson to make decisions about defense witnesses to subpoena for trial, to determine the admissibility of any such prior statements in whole or in part, to investigate corroborating facts, and to develop trial strategy. Notably, this is not a circumstance in which the requested statements will be used merely for impeachment and cross-examination of government witnesses. Rather, these materials set forth an account of the offense that, if believed by the jury, fully exonerates Defendants White and Dickerson.

Finally, additional witnesses who were not directly involved in the commission of these offenses have given exculpatory statements to law enforcement that have never been produced. For example, Devin Destefano, who was present in the barn on Phillip Jackson's property when Torey White arrived, discovered the bodies, and called 911, informed the investigators that he believed that Torey White was shocked by what he saw and that he did not believe that Torey White was involved in this crime. While Destefano's opinions about Mr. White's guilt or innocence may be inadmissible, his description of Mr. White's conduct and demeanor upon

5

discovering the bodies is clearly relevant and exculpatory. Destefano has given a number of recorded statements, including a polygraph examination and a video walkthrough/reenactment of the crime scene. Yet none of Destefano's recorded statements have ever been produced.

With a looming trial date less than three months away, it is essential that all exculpatory evidence be provided promptly. Defendants White and Dickerson request that if the prosecution disputes the exculpatory nature of any of the *Brady* evidence sought in this Motion, the Court order the prosecution to provide these statements to the Court immediately for *in camera* review.

WHEREFORE, Defendants Torey White and Devin Dickerson move the Court to grant the Motion to Compel Immediate Production of Exculpatory Statements.

Respectfully submitted,

| Counsel for Torey White | Counsel for Devin Dickerson |
|---|---|
| /s/ Matthew L. Engle, Esquire | /s/ Michael Wiseman |
| Matthew L. Engle, Esquire | Michael Wiseman, Esq. |
| Va. Bar No. 46833 | WISEMAN & SCHWARTZ, LLP |
| DONOVAN & ENGLE, PLLC | 718 Arch Street, Suite 792 North |
| 1134 East High St., Unit A | Philadelphia, Pennsylvania 19106 |
| Charlottesville, Virginia 22902 | (215) 450-0903 (telephone) |
| (800) 428-5214 (telephone) | wiseman@wisemanschwartz.com |
| (434) 465-6866 (fax) | |
| matthew@donovanengle.com | |
| | |
| /s/ Donald F. Martino, Esquire | /s/ Elisabeth Pasqualini |
| Donald F. Martino, Esquire | Elisabeth Pasqualini, Esq. |
| PA ID # 85476 | EKHP LAW, LLC |
| 25 West Third Street, Suite 102 | 407 N. Front Street, Suite 2 |
| Williamsport, Pennsylvania 17701 | Harrisburg, Pennsylvania 17101 |
| (570) 567-7055 (telephone) | (717) 412-4386 |
| (570) 505-1601 (fax) | e@ekhplaw.com |
| dmartino0022@comcast.net | |

**CERTIFICATE OF SERVICE**

AND NOW comes Matthew L. Engle, Esquire, counsel for Torey White, and certifies that a true and correct copy of the foregoing Brief has been served upon AUSA Willam A. Behe, Federal Building, 228 Walnut Street, P.O. Box 11754, Harrisburg, Pennsylvania 17108 via E.C.F., or, if necessary, by first class mail, postage prepaid, this 14th day of October, 2021.

/s/ Matthew L. Engle, Esquire
Matthew L. Engle, Esquire
Va. Bar No. 46833
DONOVAN & ENGLE, PLLC
1134 East High St., Unit A
Charlottesville, Virginia 22902
(800) 428-5214 (telephone)
(434) 465-6866 (fax)
matthew@donovanengle.com
